Submitted on record October 30, affirmed November 4, 1959

# STATE OF OREGON *v.* GUST

345 P. 2d 808

No appearances.

PER CURIAM.

The defendant was indicted for violation of ORS 163.250, which defines the crime of assault with a dangerous weapon. The indictment charged that on August 3, 1958, in the county of Multnomah, State of Oregon, the defendant "then and there being armed with a dangerous weapon, to-wit, a knife, a more particular description of which is unknown to the Grand Jury," feloniously assaulted one Josephine E. Jack by "slashing at * * * [her] and cutting her coat with such dangerous weapon." The defendant entered a plea of not guilty, and also gave notice of his intention to prove that he was insane, or so mentally defective as not to fully comprehend the true nature and effect of his actions at the time of the commission of the crime, pursuant to ORS 135.870. There was a jury trial, and the verdict was guilty with a recommendation that the defendant be given mental treatment. The court sentenced the defendant to a term of six years in the penitentiary.

On the trial, at which the defendant was ably represented by counsel, the crime charged was fully proved without any contradiction in the evidence. A confession signed by the defendant was admitted in evidence without objection and without any claim on the part of the defendant that it was not voluntary. Evidence in support of the plea of insanity, or mental illness, was introduced by the defendant, and evidence to the contrary was introduced by the state. That issue was submitted to the jury in a charge which correctly stated the law of Oregon upon the subject. There are no exceptions in the record

to the admission or exclusion of evidence, to the instructions, or to any ruling of the court, and there is no error of any description. The trial was presided over by the late Judge Martin W. Hawkins with his accustomed fairness and impartiality.

The case has been submitted to the court on the record, without briefs or oral argument. This procedure has been approved by the defendant in a letter to his attorney, Nicholas Granet, a copy of which has been transmitted to this court by Mr. Granet. It is likewise approved by the defendant's attorney, who, in a letter to the clerk of the court, states that there is no error in the record and that the defendant's only complaint appears to be that the sentence was excessive.

Notwithstanding this state of the case, we have examined the record with care, for the purpose of determining whether the constitutional rights of the defendant were fully protected, and whether he received a trial fair in all respects, and have reached the conclusion, which is apparently concurred in by the defendant and his attorney, that he did in fact receive an eminently fair trial and that there is no suggestion of a ground for reversal.

The only case in which this court has any authority to review the discretion of the circuit court in imposing sentence (unless there is a claim of violation of the constitutional provision that "cruel and unusual punishments shall not be inflicted" (Constitution of Oregon, Art. I, § 16)) is when the appeal is from a judgment on conviction after the defendant has plead guilty. ORS 138.050. After trial, the determination of the punishment, so long as it is within the statutory limitations, is entirely within the informed discretion of the trial judge. The statute

under which the defendant was convicted prescribes that the punishment shall be by imprisonment in the penitentiary for not more than ten years, or by imprisonment in the county jail not less than one month nor more than one year, or by fine of not less than $100 nor more than $1,000. The sentence of six years in the penitentiary was well within the statutory limit, and clearly does not violate the constitutional rights of the defendant. The judgment is affirmed.